# UNITED STATES DISTRICT COURT
for the

Hoshang Aliyar
_Petitioner_

v.

DHS / I.C.E
Immigration Custom Enforcement
_Respondent_
(name of warden or authorized person having custody of petitioner)

Case No. _____
(Supplied by Clerk of Court)

'20CV0543 WQHLL

FILED
Mar 19 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ JenniferS   DEPUTY

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Hoshang Aliyar
   (b) Other names you have used:
2. Place of confinement:
   (a) Name of institution: Core Civic / Otay Mesa Detention
   (b) Address:
   (c) Your identification number: A# 023-250-044
3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:
   I.C.E
4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you:
      (b) Docket number of criminal case:
      (c) Date of sentencing:
   ☒ Being held on an immigration charge
   ☒ Other (explain): Detained by ICE at Otay Mesa Detention Center with no current case before any court

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention
☒ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other (explain): _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: Immigration Customs Enforcement - 7488 Calzada de la Fuente San Diego CA 92154
   (b) Docket number, case number, or opinion number: _____
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):
   I am not currently challenging my case, I was ordered removed in 2001, I was detained 06/26/19 with no new Immigration Case or Charge. I am still detained and cannot be removed to Afghanistan
   (d) Date of the decision or action: _____

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes   ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _____
       (2) Date of filing: _____
       (3) Docket number, case number, or opinion number: _____
       (4) Result: _____
       (5) Date of result: _____
       (6) Issues raised: _____

   (b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes   ☐ No

 (a) If "Yes," provide:

  (1) Name of the authority, agency, or court: _____

  (2) Date of filing: _____
  (3) Docket number, case number, or opinion number: _____
  (4) Result: _____
  (5) Date of result: _____
  (6) Issues raised: _____

 (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

 After the second appeal, did you file a third appeal to a higher authority, agency, or court?

 ☐ Yes     ☐ No

 (a) If "Yes," provide:

  (1) Name of the authority, agency, or court: _____

  (2) Date of filing: _____
  (3) Docket number, case number, or opinion number: _____
  (4) Result: _____
  (5) Date of result: _____
  (6) Issues raised: _____

 (b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

 In this petition, are you challenging the validity of your conviction or sentence as imposed?

 ☐ Yes     ☐ No

 If "Yes," answer the following:

 (a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

  ☐ Yes     ☐ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❐ Yes   ❐ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
❐ Yes   ❐ No

If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
❐ Yes   ❐ No

If "Yes," provide:
(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____

_____

_____

_____

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes     ☐ No
If "Yes," provide:
(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes     ☐ No
If "Yes," provide:
(a) Kind of petition, motion, or application: _____
(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____

_____

_____

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Prolonged Detetion and civil Deletion violated my Due Process rights

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: I was detained on ~~Jue~~ June 26, 2019 by Immigration Customs Enforcement. I have been detained at Otay mesa Detetion Center even though I do not have an Immigration case before EOIR or any apeals court. Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.E.D. 2d. 658 (2001)

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes      ☐ No

**GROUND TWO:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes      ☐ No

**GROUND THREE:** _____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes      ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes         ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do: Release me or deport

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: March 13, 2020        Hoshang Hunare
                            _____
                            Signature of Petitioner

                            _____
                            Signature of Attorney or other authorized person, if any

Office of Enforcement and Removal Operations

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

Aliyar, Hoshang
C/O Immigration and Customs Enforcement
San Diego Field Office

A023 250 044

## Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has reviewed your custody status and determined that you will not be released from custody at this time. This decision was based on a review of your file record and/or personal interview and consideration of any information you submitted to ICE reviewing officials.

You are a native and citizen of Afghanistan who last entered the United States on November 28, 1983 as a Refugee (RE8). You subsequently adjusted your status to that of a Legal Permanent Resident (LPR) on the same date. You have been convicted of the crimes of Opium Possession, Amphetamine Possession, Vehicle Theft, and Robbery. On July 27, 1999, you were issued a Final Order of Removal by an Immigration Judge. You appealed the IJ's ruling before the Board of Immigration Appeals (BIA). On February 2, 2000, the BIA dismissed your appeal, but granted you a Deferral of Removal to Afghanistan. On October 3, 2002, an IJ terminated your relief for Deferral of Removal and ordered you removed to Afghanistan. You appealed the IJ's ruling before the Board of Immigration Appeals (BIA). On September 5, 2003, the BIA dismissed your appeal. October 1, 2003, you filed a Petition for Review and Motion for Stay of Deportation with the 9th Circuit Court of Appeals. On June 24, 2004, the 9th Circuit Court of Appeals denied your PFR for Stay of Deportation on August 14, 2014 and issued a mandate.

ICE is currently working with the government of Afghanistan to secure a travel document for your removal from the United States. A travel document from the Government of Afghanistan is expected, therefore you are to remain in ICE custody at this time. This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to affect your removal.

You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

Annette Joseph
Acting HQ RIO Chief

01/17/2020
Date

www.ice.gov



## PROOF OF SERVICE

(1) **Personal Service (Officer to complete both (a) and (b) below.)**

    (a)    I  M. VELASCO , DEPORTATION OFFICER,
                  Name of ICE Officer                  Title

certify that I served _____ with a copy of
                            Name of detainee

this document at OTAY MESA DETENTION CENTER on JAN 1 7 2020 at _____.
                 Institution                      Date            Time

    (b)    I certify that I served the custodian _____,
                                                     Name of Official

_____, at _____, on
     Title                                 Institution

_____ with a copy of this document.
     Date

## OR

(2) **Service by certified mail, return receipt. (Attach copy of receipt)**

    I _____, _____, certify
         Name of ICE Officer                 Title

that I served _____ and the custodian _____,
             Name of detainee                     Name of Official

with a copy of this document by certified mail at _____ on _____.
                                                   Institution       Date

Detainee Signature: X REFUSED TO SIGN    Date: JAN 1 7 2020

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

Office of Enforcement and Removal Operations

U.S. Department of Homeland Security
880 Front Street, Suite 3200
San Diego, CA 92101



**U.S. Immigration and Customs Enforcement**

ALIYAR, Hoshang, A023 250 044
C/O CoreCivic
Otay Mesa Detention Center
7488 Calzada De La Fuente
San Diego, CA 92154

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

On or about November 28, 1983, you entered the United States as a REFUGEE at New York, NY. On March 29, 1999, legacy U.S. Immigration and Naturalization Service (INS) served you with a Notice to Appear, charging you as removable from the United States under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA). On July 27, 1999, an immigration judge (IJ) denied your application for Withholding of Removal and protection under the Convention Against Torture (CAT) which subsequently had you ordered removed from the United States to Afghanistan. On August 25, 1999, you appealed the decision of the IJ to the Board of Immigration Appeals (BIA). On February 2, 2000, the BIA dismissed your case appeal and sustained the IJ's decision concerning your relief for Convention Against Torture, however, the BIA did grant you Deferral of Removal to Afghanistan. On May 1, 2002, you were released from state incarceration and released to the custody of the INS. During this encounter, you were served with a Notice of Custody Determination (Form I-286) and a Warrant for Arrest of Alien (Form I-200). On October 3, 2002, an IJ ordered you removed to Afghanistan and terminated your relief for Deferral of Removal. On November 4, 2002, you appealed the decision of the IJ to the BIA. On September 5, 2003 the BIA dismissed your case. On October 1, 2003, you filed a Petition for Review and a Motion for Stay of Deportation with the 9th Circuit Court of Appeals. However, on June 24, 2004, the 9th Circuit Court of Appeals denied your case and on August 14, 2014 a mandate was issued. On March 24, 2011, you were remanded into ICE custody from the San Diego Central Jail (SDCJ) pursuant to a detainer placed by ICE ERO. That same day you were released from custody via prosecutorial discretion and you were given form G-56 to report to the ICE/ERO San Diego Non-Detained Unit on December 5, 2018. On June 26, 2019, you were released from the SDCJ where the San Diego Sheriff's Office notified the San Diego ICE/ERO Field Office to take custody of you immediately.



Decision to Continue Detention
ALIYAR, Hoshang, A023 250 044
Page 2

You were then turned over to the ICE ERO/CAP Unit in Downtown, San Diego. Currently you are awaiting a 90-day Post Order Custody Review.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by December 23, 2019, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Review Unit (HQ POCRU), Potomac Center North, 500 12th Street SW, Washington, DC 20536. HQ POCRU will make a final determination regarding your custody.

_____        11/3/70
Signature of Field Office Director, ERO/Designated Representative        Date

Kenneth C. Smith, Deputy Field Office Director, San Diego, CA

Decision to Continue Detention
ALIYAR, Hoshang, A023 250 044
Page 3

## PROOF OF SERVICE

**(1)  Personal Service (Officer to complete both (a) and (b) below.)**

(a)  I __M. Velasco__, __Deportation Officer__,
     Name of ICE Officer                Title
certify that I served __Hoshang ALIYAR__ with a copy of
                     Name of detainee
this document at __Otay Mesa Detention Center__ on _____, at _____.
                  Institution                     Date        Time

(b)  I certify that I served the custodian _____,
                                           Name of Official
_____, at _____, on
       Title                    Institution
_____ with a copy of this document.
       Date

## OR

**(2)  Service by certified mail, return receipt. (Attach copy of receipt)**

I _____, _____, certify
       Name of ICE Officer              Title
that I served _____ and the custodian _____,
               Name of detainee                         Name of Official
with a copy of this document by certified mail at _____ on _____.
                                                   Institution              Date

Detainee Signature: [signature]       Date: 01/07/2020

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

**CoreCivic**
**Otay Mesa Detention Center**
This facility is not responsible for the substance/contents of this package.





US POSTAGE
$02.80⁰
FIRST CLASS
Mailed From 92158
03/17/2020
031A 0005181448

MAR 19 2020
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
RECEIVED

United States District Court

